UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-44-H

ROBERT E. SALYER                                                                                        PLAINTIFF

V.

THE SOUTHERN POVERTY                                                                         DEFENDANT
LAW CENTER, INC.

**MEMORANDUM OPINION**

The Southern Poverty Law Center, Inc. ("Defendant") publishes an Internet and print version of the "*Intelligence Report*" from Montgomery, Alabama.  Robert E. Salyer ("Plaintiff") is an attorney who lives in Louisville, Kentucky.  In July 2008, Plaintiff discovered that the *Intelligence Report* website contained statements that he alleges defame him.  Defendant published these statements on its website in July 2006 and in its print publication in August 2006.  Plaintiff alleges the publication stated that he had been disbarred from practicing in military courts and that he had received a dishonorable discharge.  He claims those statements are false statements regarding his business reputation and thus constitute defamation *per se*.  On December 18, 2008 Plaintiff filed this suit in Jefferson Circuit Court.  Defendant removed the action to this Court.  In lieu of filing an answer, and prior to any discovery, Defendant filed a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  Defendant argues that Plaintiff did not timely file the action, which is now barred by the applicable statute of limitations.

I.

The parties' briefs raise several issues for consideration on this motion.  First, this Court must identify the proper governing law that provides the appropriate statute of limitations.

Plaintiff suggests that Alabama law, not Kentucky law, may govern this action. In a diversity action, the District Court applies the choice-of-law principles of the state in which the court sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). This Court applies Kentucky choice of law principles. For tort actions, "any significant contact with Kentucky is sufficient to allow Kentucky law to be applied." *Monumental Life Ins. Co. v. Nationwide Retirement Solutions, Inc.*, 242 F. Supp. 2d 438, 450 n.8 (W.D. Ky. 2003) (citing *McGinnis v. Taitano*, 3 F. Supp. 2d 767, 769 (W.D. Ky. 1998)); *see also Arnett v. Thompson*, 433 S.W.2d 109, 113 (Ky. 1968). Plaintiff resides in Kentucky and seems to have discovered the allegedly defamatory statements in Kentucky. Any injury to Plaintiff's business reputation would be particularly experience in Kentucky, where he practices law. Such contacts are sufficient to apply the Kentucky limitation for filing an action for defamation.

II.

Before arguing the merits of the motion, Plaintiff argues that failure to satisfy the statute of limitations is not properly raised as a 12(b)(6) motion and that Defendant improperly asked this Court to consider an attached affidavit when deciding the motion. Neither procedural question bars this Court from making a determination on this motion at this time.

Although Rule 8(c)(1) identifies the statute of limitations as an affirmative defense to be raised in a response to pleadings, the Sixth Circuit has affirmed 12(b)(6) dismissals on the ground of statute of limitations. *See Jones v. Whittaker*, 2009 WL 633195 (6th Cir. 2009) (affirming district court's dismissal on the grounds that the action was barred by the statute of limitations); *Myers v. United States*, 526 F.3d 303 (6th Cir. 2008) (same). The Sixth Circuit requires, however, "that it affirmatively appear[] from the face of the complaint that the time for

bringing the claim has passed." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992); *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995)). *See also Korn v. Paul Revere Life Ins. Co.*, 238 Fed. Appx. 109, 11-12 (6th cir. 2007); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir. 1975).

When ruling on a 12(b)(6) motion, this Court is limited to the record. *New Eng. Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). This Court may consider additional material by converting the motion to one for summary judgment. Fed. R. Civ. Pro. 12(d). The Defendant has asked this Court to disregard the affidavit attached to his motion and decide this matter on the face of the complaint. This Court may, however, convert a 12(b)(6) motion *sua sponte* if the losing party is on notice to come forward with all supporting evidence. *Employers Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 105 (6th Cir. 1995) (citing *Routman v. Automatic Data Processing, Inc.*, 873 F.2d 970, 971 (6th Cir. 1989); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). Before entering summary judgment, the court must give the parties unequivocal notice of its intentions. *Id*. This Court will treat this as a motion for summary judgment.

### III.

Summary Judgment is appropriate where no genuine issue of material fact exists, thus entitling the moving party to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party initially bears the burden of demonstrating that an essential element of the non-moving party's case is lacking. *Kalamazoo River Study Group v. Rcokwell Int'l Corp.*, 171 F.3d 1065, 1068 (6th Cir. 1999). The non-moving party may respond by showing that a genuine issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A

genuine dispute exists where, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248.

IV.

All actions for defamation must be brought within one year of the cause of action accruing. KRS § 413.140(1)(d). The action accrues when the material is published. *Caslin v. Gen. Elec. Co.* 608 S.W.2d 69, 70 (Ky. App. 1980); *see also Johnson v. Ward*, 43 Fed. Appx. 779, 783 (6th Cir. 2002); *Lashlee v. Sumner*, 570 F.2d 107, 109 (6th Cir. 1978); *McCoy v. RWT, Inc.*, 2005 WL 1593651, *4 (Ky. App. 2005) (opinion reverse on other grounds by *Papa John's Intern., Inc. v. McCoy*, 244 S.W.3d 44 (Ky. 2008); *Columbia Sussex Corp., Inc. v. Hay*, 627 S.W.2d 270, 273 (Ky. App. 1981)). The publication itself causes the defamation and the injury. *Caslin*, 608 S.W.2d at 70.

Reasonable arguments exist to support using a discovery rule instead of the publication rule for determining when the statute of limitations accrues. The Sixth Circuit has previously addressed this argument considering Kentucky case law. *Lashlee*, 570 F.2d at 109. In *Lashlee*, the plaintiff argued that the statute of limitations in a libel action should "not accrue until he learned or should have learned of [the publication's] existence." *Id.* The Sixth Circuit noted that although Kentucky recognizes the discovery rule in medical malpractice cases, no Kentucky precedent supported applying the discovery rule to defamation cases. *Id.* It found no reason in Kentucky case law to suggest Kentucky would apply the discovery rule to defamation actions. Further, Kentucky Courts make clear that the medical malpractice discovery rule represents an exception to the general rule. *Id.* (citing *Caudill v. Arnett*, 481 S.W.2d 668, 670 (Ky. 1972).

V.

The statute of limitations for defamation is also governed by the single-publication rule. Under that rule, "any form of mass communication or aggregate publication . . . is a single communication and can give rise to only one action for libel." *In re Davis*, 347 B.R. 607, 611 (W.D. Ky. 2006) (citing *Mitan v. Davis*, 243 F. Supp. 2d 719, 722 (W.D. Ky. 2003); Restatement (Second) of Torts § 577A)). The rule applies "where communication is simultaneously available to multiple persons." *Id.* Under the single-publication rule, the statement is considered published and "the statute of limitations runs as soon as the communication enters the stream of commerce." *Id.* (citing *Mitan*, 243 F. Supp. 2d at 722).

Examples of mass communication include "the publication of an edition of a book or periodical, or the broadcast of a single radio or television program." *Id.* Kentucky Courts have yet to extend the single-publication rule to Internet publications. Yet, the Western District of Kentucky has twice predicted that Kentucky courts would apply the single-publication rule to material published on the Internet. *Id.*; *Mitan*, 243 F. Supp. 2d at 722-24. This Court agrees that Kentucky would apply the single-publication rule to the Internet. The purposes behind the single-publication rule align with the Internet as a means of communication. The desires to avoid "multiplicity of actions; to protect the defendant from excessive liability based on a single publication run; to allow the plaintiff to recover all of his damages at once; and to reduce the chilling effect that the common-law rule might have on the mass communication of ideas," are all applicable to Internet publications.

The only variant seems to be the shear scale of the Internet: (1) its infinite ability to amass information and (2) its ability to reach an immense and diverse audience. True, public websites can more easily be accessed on not only the initial day of publication but on subsequent

-5-

days as well. Yet this ease of accessibility cuts two ways: while a defamed person's injury is potentially greater, but it is also easier for that person to identify defamatory content.[1] Since no case law suggests that a defamed party must know of defamatory statements, or even subscribe to the publication in which they were defamed, no facts seem to persuasively distinguish the Internet from other publication sources. Accordingly, this Court will apply the single-publication rule to Internet publications.

Plaintiff did not discover the allegedly defamatory statements until July 2008. The Complaint also states that Plaintiff believes the statements were originally published some time in 2006. The complaint itself is not conclusive on the date of publication. In Defendant's affidavit, the *Intelligence Report* editor, Mark Potok ("Potok"), affirms that the alleged defamatory statements were first placed on Defendant's website on July 7, 2006 and the printed publication was mailed on August 14, 2006. He further affirms that the statements were not edited in any manner prior to their removal. Such evidence, if uncontroverted, establishes that the statute of limitations began running no later than August 14, 2006 and thus this action, having been filed in December 2008, was not timely filed.

---

[1] In fact, a court has stated that the Internet may have a greater need for the policy advanced by the single-publication rule. *Woodhull v. Meinel*, 202 P.3d 126, 130 (N.M. App. Ct. 2008).

-6-

VI.

Despite Plaintiff's exhortations, parties may only avoid the consequences of the statute in a limited number of ways.  The doctrine of republication operates as an exception to the single-publication rule.  *In re Davis*, 347 B.R. at 611.  Republishing material in a new edition, editing and republishing it, or placing it in a new form resets the statute of limitations.  *Id.* (citing Restatement (Second) of Torts § 577(A) cmt. c, d).  This exception protects Plaintiff by providing "a remedy where the defendant edits and retransmits the defamatory material, or distributes the defamatory material for a second time with the goal of reaching a new audience."  *Id.* (citing *Firth v. New York*, 98 N.Y.2d 365, 466 (N.Y. Ct. App. 2002).  Determining instances of republication is fact intensive.  *See, e.g.*, *Woodhull v. Meinel*, 202 P.3d 126, 130 (N.M. App. Ct. 2008) ("[T]he point at which republication may occur depends heavily on the facts of each case.").  Generally, a website is republished when its content is "substantially modified." *Atkinson v. McLaughlin*, 462 F.Supp.2d 1038, 1052 (D.N.D. 2006) (citing *Churchill v. State*, 876 A.2d 311, 317 (N.J. Super. 2005); *Firth*, 775 N.E.2d at 465); *see also Am. Dental Ass'n v. Khorrami*, 2003 WL 24141018, *5 (C.D. Cal. 2003) (noting that the single-publication rule applies to the Internet so long as the statement "is not substantially changed after its initial appearance.").

Although avoidance is limited, the evidence is not conclusively in Defendant's favor at this time.  Potok affirms that the statements were not edited in any manner between July of 2006 and July of 2008; however, other changes to the website's content may exist that would constitute substantial modification.  Plaintiff has taken no discovery and, therefore, is unable to respond to Defendant's claim at this time.  This Court will give the parties appropriate time to

pursue discovery on the narrow issue of the statute of limitations.

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record